## NO. 04-15-00153-CV

**TINA M. ALLEN SOUZA**
*Appellant,*
**(Defendant below)**

v.

**HEATHER CLEMENT TESSMER**
*Appellee.*
**(Plaintiff below)**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
06/16/2015 11:35:41 AM
KEITH E. HOTTLE
Clerk

---

## APPELLEE'S APPENDIX

---

## LIST OF DOCUMENTS

### NECESSARY CONTENTS

1.    Tex. Civ. Prac. & Rem. Code Ann § 10.004............................................TAB A

2.    Tex. Civ. Prac. & Rem. Code Ann § 73.005............................................TAB B

3.    Tex. R. Civ. P. 13............................................................................TAB C

4.    Tex. R. Civ. P. 162..........................................................................TAB D

TAB A

## Texas Civil Practice and Remedies Code §10.004

Sec. 10.004. VIOLATION; SANCTION. (a) A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both.

(b) The sanction must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated.

(c) A sanction may include any of the following:

(1) a directive to the violator to perform, or refrain from performing, an act;

(2) an order to pay a penalty into court; and

(3) an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees.

(d) The court may not award monetary sanctions against a represented party for a violation of Section 10.001(2).

(e) The court may not award monetary sanctions on its own initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party or the party's attorney who is to be sanctioned.

(f) The filing of a general denial under Rule 92, Texas Rules of Civil Procedure, shall not be deemed a violation of this chapter.

TAB B

Sec. 73.005. TRUTH A DEFENSE. The truth of the statement in the publication on which an action for libel is based is a defense to the action.

TAB C

Rule 13. EFFECT OF SIGNING OF PLEADINGS, MOTIONS AND OTHER PAPERS; SANCTIONS

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215,[1] upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

TAB D

Rule 162. DISMISSAL OR NON-SUIT

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.